UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-20348-UU

MICHAEL FRIDMAN,

    Plaintiff,

v.

THE COLLECTION LLC,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Stay Proceedings Pending Appellate Rulings in the Eleventh Circuit and D.C. Circuit Courts of Appeals (D.E. 23).

THE COURT has considered the Motions pertinent portions of the record and is otherwise fully advised in the premises.

## BACKGROUND

Plaintiff filed his Complaint on January 29, 2017, alleging that Defendant violated the Telephone Consumer Protection Act, 17 U.S.C. § 227, *et seq*., ("TCPA"), when it sent him a single text message. D.E. 1 ¶ 25. On March 9, 2018, Defendant moved to dismiss for lack of standing and failure to state a claim. D.E. 20. As to lack of standing, Defendant argues that one text message is insufficient to confer standing under the TCPA. As to failure to state a claim, Defendants argue (among other things not relevant to the present Motion to Stay), that Plaintiff failed to allege that Defendant used an automated telephone dialing system.

Defendant moves to stay the case because the Eleventh Circuit Court of Appeals is currently considering the same standing question at issue here, namely, whether a plaintiff has

1

standing when he receives only one text message. *John Salcedo v. Alex Hanna*, Case No. 17-24077 (11th Cir.). Defendant also moves to stay on the grounds that the D.C. Circuit Court of Appeals has recently limited the definition of "automatic telephone dialing system," and Defendant expects further appellate review, either *en banc* at the Eleventh Circuit, or before the Supreme Court. *ACA Int'l v. Federal Commc'ns Comm'n*, Case No. 15-1211 (D.C. Cir).

## LEGAL STANDARD

A district court has wide discretion to stay a case pending resolution of a related case. *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000). For example, "[a] stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court." *Id.* (citing *Clinton v. Jones*, 520 U.S. 681 (1997)). District courts may consider "several factors when evaluating a request for a stay, including prejudice to the non-moving party, whether the requested stay would simplify and clarify the issues, and whether the potential stay would reduce the burden of litigation on the parties and on the court." *Owens-Benniefield v. Nationstar Mortg. LLC*, No. 8:17-CV-540-T-33TGW, 2017 WL 1426720, at *2 (M.D. Fla. Apr. 21, 2017).

## ANALYSIS

Here the Court finds that a stay is warranted in light of the *John Salcedo v. Alex Hanna*, Case No. 17-24077 (11th Cir.). Resolution of that appeal will determine whether Plaintiff here has standing to pusue his claim. For two reasons, however, the Court does not find that *ACA Int'l v. Federal Commc'ns Comm'n*, Case No. 15-1211 (D.C. Cir), warrants a stay. First, the D.C. Circuit has already ruled. Whether there will be further appeals is pure speculation. Second, the D.C. Circuit, while persuasive, is not binding authority. By contrast, the Eleventh

Circuit's forthcoming opinion in *Salcedo* is certain, binding, and potentially dispositive. Accordingly, it is hereby

ORDERED AND ADJUDGED that this case is STAYED pending the outcome of the appeal before the Eleventh Circuit in the matter *John Salcedo v. Alex Hanna*, Case No. 17-24077 (11th Cir.). It is further

ORDERED AND ADJUDGED that, for now, the Court DENIES the pending motion to dismiss (D.E. 20) without prejudice and with leave to refile in light of the Eleventh Circuit's forthcoming opinion in *Salcedo*. It is further

ORDERED AND ADJUDGED that during the pendency of the stay, the case is CLOSED for administrative purposes; all hearings are CANCELLED. The Parties SHALL file a motion to reopen the case once the Eleventh Circuit issues its opinion in *Salcedo*.

DONE AND ORDERED in Chambers at Miami, Florida, this _26th_ day of March, 2018.

*Ursulalazaro*

UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf