UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-20348-UU

MICHAEL FRIDMAN and
ALEXANDRA PERLMAN,
individually and on behalf of all
others similarly situated,                                    **CLASS ACTION**

    Plaintiffs,                                             **JURY TRIAL DEMANDED**

v.

THE COLLECTION LLC,

    Defendant.
_____/

**PLAINTIFFS' MOTION TO LIFT STAY**

Plaintiffs Michael Fridman and Alexandra Perlman respectfully request an order lifting the stay entered on March 26, 2018, [ECF No. 24], because the stay has become an indefinite one that is harming Plaintiffs and members of the class, and in support state:

**I.   BACKGROUND**

This putative class action under the Telephone Consumer Protection Act ("TCPA") was filed on January 29, 2018.  [ECF No. 1].  On February 23, 2018, Plaintiffs' filed their First Amended Complaint.  [ECF No. 15].  In response, Defendant filed a Motion to Dismiss, [ECF No. 20], and a Motion to Stay, [ECF No. 23], requesting a stay based in part on the Eleventh Circuit's decision in *John Salcedo v. Alex Hanna, et al.*, Case No. 17-14077 (11th Cir.).  In requesting a stay, Defendant represented that the "Eleventh Circuit will soon decide the Article III standing issue itself," and that the appeal "will also be resolved expeditiously." [ECF No. 23 at pgs. 8 and 19]; *see also* Order granting stay [ECF No. 24] based on the anticipated decision in *Salcedo*].

Now, six months after the case was filed, Defendant's prediction that *Salcedo* would be resolved "expeditiously" has turned out be incorrect. The briefing in *Salcedo* was completed on March 22, 2018, the day before Defendant filed its Motion to Stay. *See* General Case Docket, a copy of which is attached as **Exhibit A**. On March 30, 2018, the Eleventh Circuit decided that oral argument would be necessary in the case. *Id.* On May 11, 2018, oral argument was assigned to the tentative calendar during the week of September 24, 2018. *Id.* On June 6, 2018, the case was removed from the tentative oral argument calendar. *Id.* Then, on June 26, 2018, the case was assigned to the tentative calendar during the week of October 1, 2018. *Id.*

Given that oral argument is *tentatively* scheduled to occur in approximately two months, no one knows when *Salcedo* will be decided. Thus, what putatively may have appeared as a moderate stay has become an indefinite one that continues to cause harm to Plaintiffs and members of the class. For this reason, Plaintiffs respectfully request an order lifting the stay and permitting them to proceed with the case so that it may be decided on the merits.

## II.   LEGAL STANDARD

"Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The Eleventh Circuit holds that the mere possibility that the law might change cannot justify granting a stay. *See Gissendaner v. Ga. Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015) (citing *Schwab v. Sec'y, Dep't of Corr.*, 507 F.3d 1297, 1299 (11th Cir. 2007)); *see also Speer v. Whole Food Market Group, Inc.*, No. 14-cv-3035, 2015 WL 2061665, at *1 (M.D. Fla. April 29, 2015).

Further, when determining whether to grant a stay, "[t]he Court must ensure, of course, that the stay 'does not prove 'immoderate'—that is to say, too long, too indefinite, or without

proper justification . . . .'" *Jacobs v. Ocwen Loan Servicing, LLC*, Civil Action No. 16-62318-Civ, 2017 U.S. Dist. LEXIS 57500 (S.D. Fla. Apr. 13, 2017) (Scola, J.) (quoting *NIACCF, Inc. v. Cold Stone Creamery, Inc.*, 2012 U.S. Dist. LEXIS 70256 (S.D. Fla. May 21, 2012) (Scola, J.)).

### III.   MEMORANDUM OF LAW

Since this action was stayed, the two other courts in this District that have addressed a request for a stay pending the outcome of *Salcedo* both have denied the request based on the indefinite and immoderate length of the stay. *See Powell v. Youfit Health Clubs Ltd. Liab. Co.*, No. 17-cv-62328, 2018 U.S. Dist. LEXIS 80523, at *4 (S.D. Fla. Apr. 10, 2018) ("*Hanna* has not yet been argued and the Court declines to impose what would amount to an indefinite stay at this early stage in the appeal."); *Becker v. HBN Media, Inc.*, No. 18-60688-CIV, 2018 U.S. Dist. LEXIS 95517, *8 (S.D. Fla. June 6, 2018) ("Defendant is not illuminating with regard to any briefing schedule in *Hanna* or the anticipated date of a decision...").

Given that oral argument will not take place for another two months – at the earliest -- it is uncertain when *Salcedo* will be decided rendering the present stay indefinite, and requiring that it should be lifted. "[T]he indefinite length and uncertain outcome of the appeal substantially weigh against requiring Plaintiff 'to stand aside while a litigant in another [case] settles the rule of law that will define the rights of both.'" *See Sliwa v. Bright House Networks, LLC*, No. 2:16-cv- 235-FtM-29MRM, 2016 U.S. Dist. LEXIS 93852, at *10-11 (M.D. Fla. July 19, 2016) (denying motion to stay TCPA case based on other proceedings because of the indeterminate length of the requested stay); *see also Schwyhart v. Amsher Collection Servs.*, No. 2:15-cv-01175-JEO, 2016 U.S. Dist. LEXIS 56065 (N.D. Ala. Apr. 22, 2016) (denying motion to stay TCPA case and explaining "there is always the possibility that the [decision] will be appealed to the Supreme Court, adding a further layer of indefinite—and perhaps lengthy—delay were a stay to be granted here."); *Mancini v.*

*JPMorgan Chase Bank, N.A.*, No. 1:15-cv-61524-UU, 2016 U.S. Dist. LEXIS 193235, at *3 (S.D. Fla. Mar. 25, 2016) (denying motion to stay TCPA case, citing *Landis*, and holding that a stay "would be indefinite and solely in the interests of judicial economy, which the Supreme Court has found to be insufficient justification for a stay pending a similar proceeding."). Plaintiffs therefore respectfully request an order lifting the stay and permitting them to continue prosecuting their case.

### IV.   CONCLUSION

Plaintiffs Michael Fridman and Alexandra Perlman, respectfully request an order granting the instant motion, and for such other relief deemed appropriate under the circumstances.

### LOCAL RULE 7.1 CERTIFICATE

Pursuant to Local Rule 7.1, I hereby certify that I contacted counsel for Defendant regarding the instant motion, and that Defendant opposes the motion.

Date: July 26, 2018                                  Respectfully submitted,

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo (Florida Bar no. 030380)
HIRALDO P.A.
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
Telephone: (954) 400-4713

Avi R. Kaufman (Florida Bar no. 84382)
KAUFMAN P.A.
400 NW 26th Street
Miami, Florida 33127
kaufman@kaufmanpa.com
Telephone: (305) 469-5881

*Counsel for Plaintiffs and the putative class*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 26, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

                                        */s/ Manuel S. Hiraldo*
                                        Manuel S. Hiraldo (Florida Bar no. 030380)
                                        HIRALDO P.A.
                                        401 E. Las Olas Boulevard
                                        Suite 1400
                                        Ft. Lauderdale, Florida 33301
                                        mhiraldo@hiraldolaw.com
                                        Telephone: (954) 400-4713